In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-25-00301-CV
_____

IN RE JULIA ANN POFF

**Original Proceeding**
**County Court at Law No. 2 of Liberty County, Texas**
**Trial Cause No. 23DC-CV-00103**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Julia Ann Poff seeks to compel the trial court to vacate an order denying a motion to transfer venue in a suit affecting the parent-child relationship and transfer the case to Montgomery County.[1] *See generally* Tex. Fam. Code Ann. § 103.002(a) ("If venue of a suit is improper in the court in which an original suit is filed and no other court has continuing, exclusive

_____

[1] Poff failed to file a supporting record with her petition, nor did she certify that she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See* Tex. R. App. P. 52.3(j), 52.7(a). We use Rule 2, however, to look beyond these deficiencies to reach an expeditious result. *See id.* 2.

1

jurisdiction of the suit, on the timely motion of a party other than the petitioner, the court shall transfer the proceeding to the county where venue is proper."); § 155.202(b) ("For the convenience of the parties and witnesses and in the interest of justice, the court, on the timely motion of a party, may transfer the proceeding to a proper court in another county in the state."). Poff argues no party resides in Liberty County, the Real Party in Interest, William Harvey Poff, has resided in San Jacinto County for less than six months, and at least six of the witnesses Poff intends to call in the next hearing reside in Montgomery County.

To obtain mandamus relief, a relator must show both that the trial court has abused its discretion and that she has no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Relator has not shown that the trial court abused its discretion. Accordingly, we deny mandamus relief. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on August 27, 2025
Opinion Delivered August 28, 2025

Before Golemon, C.J., Wright and Chambers, JJ.

2